WILLIAM F. WHEELER, APPELLEE, v. STANDARD ACCIDENT INSURANCE COMPANY, APPELLANT.

FILED FEBRUARY 14, 1920. No. 20755.

1. Insurance: ACCIDENT INSURANCE: AMOUNT OF RECOVERY. The fact that the insured under an accident insurance policy occasionally or incidentally performs acts that pertain to an occupation that is classed by the insurer as more hazardous than the occupation named in the policy does not have the effect of reducing the amount of recovery in the event of injury.

2. ———: ———: CHANGE OF OCCUPATION: QUESTION FOR JURY. The question as to whether the insured claiming indemnity under an accident insurance policy has changed his occupation is ordinarily a question of fact to be determined by the jury.

3. ———: ACCIDENT: NOTICE. A beneficiary under an accident insurance policy, in respect of partial disability, served notice on the insurance company that he was partially disabled for sixteen weeks; that at the time of filing his claim the partial disability continued; that an injured limb then caused swelling and pain when he attempted to walk. Held, that the notice was sufficient, and that the company was liable for the ten-week period of partial disability that prevailed subsequent to the filing of the original claim, and that was pleaded in plaintiff's petition.

APPEAL from the district court for Adams county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*F. P. Olmstead,* for appellant.

*Stiner & Boslaugh, contra.*

DEAN, J.

For personal injuries sustained from an accident alleged to come within the terms of an accident insurance policy, plaintiff recovered judgment for $1,202.18, and defendant appealed.

Defendant says only these questions are to be determined: "First. In what hazard did Mr. Wheeler receive his injury? Second. How many weeks is he entitled to receive pay for partial disability?"

Defendant admits liability in the sum of $488.50, and argues that the verdict is excessive in all over that sum, for the reason that plaintiff was injured while acting as a "drover, not tending cattle in transit," an occupation classed by the company as more hazardous than that described in the policy as plaintiff's occupation, which is therein described as follows: "Money loaner, insurance and general broker—does some traveling." The injury was sustained while plaintiff was assisting in driving a herd of cattle owned by him to a railroad station for shipment to his ranch. In attempting to mount his horse, the animal lunged forward and, striking him, caused plaintiff to sustain a compound fracture of his right leg.

Section 7 of the policy provides: "If the insured is injured in any occupation classed by the company as more hazardous than that described in the warranties hereinafter contained (excepting ordinary duties about his residence), the company's liability shall be for only such proportion of the principal sum or other indemnity as the premium paid will purchase at the rate fixed by the company for such increased hazard."

Under the decisions we do not think that plaintiff's occupation was changed at the time of the accident as

argued by defendant. He was assisting in driving his own cattle to a railroad station for shipment to a ranch owned by him. This was not a change of occupation, but was merely incidental to his occupation. The fact that the insured occasionally or incidentally performs acts that pertain to an occupation that is classed by the insurer as more hazardous than the occupation named in the policy does not have the effect of reducing the amount of recovery in the event of injury. *Simmons v. Western Travelers Accident Ass'n,* 79 Neb. 20; *Gotfredson v. German Commercial Accident Co.,* 218 Fed. 582, L. R. A. 1915D, 312. Whether a change in occupation was made and another adopted is ordinarily a question of fact for determination by the jury. *Taylor v. Illinois Commercial Men's Ass'n,* 84 Neb. 799, 805. In the present case it was shown that plaintiff on one occasion assisted in driving his own cattle on the highway, and that the injury was sustained at the time. To hold that this constituted a change from his usual occupation to one more hazardous would be a construction of the policy that would not be in harmony with the weight of authority. Defendant relies on section 3240, Rev. St. 1913, but that act can have no bearing on the facts before us, because it was enacted after the date of the policy in question.

It is argued that the verdict, based as it is on 33 weeks of total disability and 26 weeks of partial disability, is excessive, in that the claim as filed with the company alleged only 16 weeks of partial disability, and that plaintiff, having filed no subsequent claim for the additional 10 weeks, was therefore not entitled to payment for the additional time as alleged in his petition. It may be noted, however, that plaintiff in his original claim stated that the partial disability was then present and apparently continuous, and that his injured limb then caused swelling and pain when he attempted to walk. That partial disability prevailed for 10 weeks subsequent to the filing of the original claim sufficiently appears, and we think

the company was sufficiently notified of its existence. We do not think the court erred in admitting proof to sustain the allegations of plaintiff's petition in the respect complained of.

Finding no reversible error, the judgment is

AFFIRMED.

LETTON and DAY, JJ., not sitting.